UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAR 02 2026
JEFFREY P. COLWELL
CLERK

**JOBADIAH SINCLAIR WEEKS,**
Movant,

v.

**UNITED STATES OF AMERICA,**
Respondent.

Civil Action No. _______

MOTION FOR RETURN OF IDENTIFIED DIGITAL CURRENCY (8.6704622 BTC) AND FOR ACCOUNTING OF REMAINING SEIZED DIGITAL ASSETS PURSUANT TO FED. R. CRIM. P. 41(g)

## I. INTRODUCTION

Movant respectfully moves under Federal Rule of Criminal Procedure 41(g) for:

1. Immediate return of 8.6704622 Bitcoin ("BTC") as identified in the Government's forensic report; and
2. A sworn accounting identifying the present custodial status of all remaining digital assets and digital hardware seized on December 10, 2019.

This motion does not allege misconduct. It seeks custodial clarification and enforcement of the Government's prior written representation that seized assets would be returned.

## II. JURISDICTION AND VENUE

### A. Jurisdiction

This Court has equitable jurisdiction pursuant to Federal Rule of Criminal Procedure 41(g), which authorizes "[a] person aggrieved by the deprivation of property" to move for its return.

Post-conviction Rule 41(g) motions are treated as civil equitable proceedings, and federal district courts retain jurisdiction to determine whether the Government's continued possession of seized property is lawful.

**B. Venue**

On December 10, 2019, federal agents seized property from 11627 West 74th Way, Arvada, Colorado, as reflected in the Government's seizure documentation dated December 10, 2019 (Exhibit 1). The seized property included digital hardware devices, storage media, and other personal property identified in the inventory.

Because the seizure occurred in Colorado, venue lies in this District. Rule 41(g) provides that a motion for return of property must be filed in the district where the property was seized.

The Florida Memorandum of Activity generated at the collection point reflects that four (4) evidence bags were transferred following seizure (Exhibit 2). In addition, email correspondence from Douglas Fowler confirms that the Government's internal system reflected that the seized materials were transported to the Denver Holding Office (Exhibit 5). Denver Holding documentation reflects intake within this District of at least one evidence container corresponding to the December 10, 2019 seizure (Exhibit 3). Documentation reflecting intake of the remaining referenced containers (Bags 2–4) has not been produced.

Subsequent inter-district transfer of seized property does not divest this Court of venue where the seizure occurred in Colorado. Rule 41(g) venue is determined by the district of seizure. Accordingly, venue remains proper in this District as both:

1. The district of original seizure; and
2. The district in which the property has been held.

This motion is filed consistent with the jurisdictional ruling of the District of New Jersey, which determined that Rule 41(g) relief must be sought in the district of seizure (Exhibit 6).

## III. DOCUMENTARY RECORD

Movant relies upon the following documentary exhibits in support of this motion:

**Exhibit 1** – Colorado Memorandum of Activity, Seizure Inventory, and Cryptocurrency Forensic Documentation (December 10, 2019)

**Exhibit 2** – Florida Memorandum of Activity (Transfer Documentation)

**Exhibit 3** – Chain-of-Custody Form (Bag 1)

**Exhibit 4** – Denver Holding Office Inventory Documentation

**Exhibit 5** – Email Correspondence from Douglas Fowler

**Exhibit 6** – Opinion & Order (District of New Jersey – Rule 41(g) Venue)

**Exhibit 7** – April 2, 2025 Email from AUSA Anthony Torntore

**Exhibit 8** – Reconciled Asset Overview

**Exhibit 9** – Indictment (Forfeiture Allegations – Relevant Pages Only)

**Exhibit 10** – Plea Agreement (Forfeiture Provisions – Relevant Pages Only)

**Exhibit 11** – March 22, 2024 Letter from Prior Counsel Regarding Return of Seized Assets

**Exhibit 12** – September 5, 2024 Letter (David Stone to AUSA Torntore)

Exhibit 8 is a reconciled overview derived solely from Government-generated documentation, identifying items reflected in seizure and forensic materials and comparing those to items reflected in Denver holding documentation. The exhibit provides a documentary cross-reference of seizure and custodial records.

## IV. FACTUAL BACKGROUND

### A. Seizure of Property in Colorado on December 10, 2019

Colorado Seizure / Denver Custody. The property seized on December 10, 2019 from 11627 W 74th Way, Arvada, Colorado was transported to and held at the Denver Holding Office within this District, as reflected in the Denver holding documentation and related custodial records (Exhibits 1 and 4).

Florida Seizure and Subsequent Processing. Separately, property seized in Florida was processed through the West Palm Beach collection point. Florida-generated transfer documentation references four (4) evidence bags (Exhibit 2). On February 11, 2026, Douglas Fowler confirmed via email that the Government's internal system reflected that all seized materials were transported to the Denver Holding Office (Exhibit 5).

To date, only one chain-of-custody form—corresponding to Bag 1 and generated during Florida custodial processing—has been produced (Exhibit 3).

No chain-of-custody documentation from the Denver Holding Office has been produced.

No intake documentation has been produced for Bags 2–4.

The Denver Holding records presently available (Exhibit 4) do not reconcile all digital hardware and storage media identified in the December 10, 2019 seizure documentation.

Movant does not allege loss or misconduct. Rather, Movant seeks sworn reconciliation of the Government's seizure, transfer, and holding records to clarify the present custodial status of property seized on December 10, 2019.

**B. Government Forensic Report Confirming 8.6704622 BTC**

The Government's December 10, 2019 Cryptocurrency Forensic Report identifies 8.6704622 BTC as seized and secured during execution of the search warrant (Exhibit 1). The report further references additional digital assets and storage media subject to continued forensic processing.

The Indictment and Plea Agreement do not expressly identify the 8.6704622 BTC as forfeited property (see Exhibits 9–10).

On April 2, 2025, Assistant United States Attorney Anthony Torntore represented in writing that seized assets would be returned (Exhibit 7).

The 8.6704622 BTC remains in Government custody. No statutory authority for its continued restraint has been identified. Accordingly, Movant seeks immediate return of the identified 8.6704622 BTC or, in the alternative, a sworn declaration specifying the legal basis for its continued retention.

**V. LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by the deprivation of property" may move for its return.

Post-conviction Rule 41(g) motions are treated as civil equitable proceedings. The district court must determine whether the Government's continued possession of property is reasonable and lawful.

Where the Government retains property that is not subject to forfeiture and is no longer needed as evidence, return is appropriate. The Government bears the burden of demonstrating a legitimate reason for continued retention once lawful possession is no longer contested. Where no forfeiture order has been entered and the property is not contraband, continued retention must be supported by statutory authority. The 8.6704622 BTC is not contraband.

Courts also possess equitable authority to require sworn accounting and reconciliation of custodial records where the status or location of seized property is unclear.

Here, the Government has represented in writing that seized assets would be returned (Exhibit 7). Accordingly, the question before the Court is not whether Movant is entitled to seek return, but whether continued retention is supported by lawful authority and documented custody.

## VI. ARGUMENT

### A. Immediate Return of Identified 8.6704622 BTC Is Appropriate

The Government's Cryptocurrency Forensic Report dated December 10, 2019 identifies 8.6704622 BTC as seized and secured during execution of the search at Movant's Colorado residence (Exhibit 1).

The forfeiture allegations contained in the Indictment (Exhibit 9) do not specifically identify the 8.6704622 BTC referenced in the forensic report. While the Indictment includes general forfeiture language, it does not expressly list or describe the 8.6704622 BTC at issue here. Likewise, the Plea Agreement's forfeiture provisions (Exhibit 10) do not expressly provide for forfeiture of the 8.6704622 BTC identified in Exhibit 1. No preliminary order of forfeiture, final order of forfeiture, or ancillary proceeding has adjudicated those specific digital assets. The 8.6704622 BTC is not contraband.

On April 2, 2025, Assistant United States Attorney Anthony Torntore represented in writing that seized assets would be returned (Exhibit 7).

Accordingly, absent a specific forfeiture order or other identified statutory restraint, continued retention of the 8.6704622 BTC requires justification. The burden rests with the Government to demonstrate a lawful basis for continued possession.

Movant respectfully requests:

1. Immediate return of the identified 8.6704622 BTC; or
2. In the alternative, a sworn declaration specifying the statutory authority under which those assets continue to be restrained.

Movant further respectfully requests expedited consideration of this portion of the motion due to the inherently volatile valuation of digital currency and the Government's prior written representation that such assets would be returned.

### B. Sworn Accounting and Reconciliation of Seized Property

In addition to the requested return of the 8.6704622 BTC, Movant respectfully requests that the Court order Respondent to file a sworn declaration from the responsible custodial authority identifying and reconciling the following:

1. All property seized on December 10, 2019 as reflected in Exhibit 1, including digital assets, digital hardware, storage media, and physical currency;

2. All digital currency seized, restored, or extracted during the December 10, 2019 forensic procedures, including the quantities reflected in Government logs and forensic reports;

3. All evidence container numbers, bag numbers, and USMS asset identification numbers assigned to seized property;

4. The present physical location and custodial authority for each item;

5. All chain-of-custody entries from seizure through the present, including any inter-district or inter-agency transfers; and

6. A reconciliation identifying any differences between:
   (a) seizure documentation,
   (b) Memoranda of Activity,
   (c) forensic extraction logs, and
   (d) current custodial inventory records.

Movant seeks clarification of custodial status based solely on Government-generated documentation and does not allege loss or misconduct.

## VII. PRIOR EFFORTS TO OBTAIN ACCOUNTING

Movant has been seeking custodial clarification and return of seized digital assets since at least March 2024.

On March 22, 2024, prior counsel for Movant sent a letter to the Government requesting return of seized digital assets (Exhibit 11). Following that correspondence, Assistant United States Attorney Anthony Torntore indicated that he would arrange for return of the assets and follow up regarding custodial processing.

In August 2024, AUSA Torntore advised that the individual previously responsible for handling the assets was no longer employed by the Government and had been replaced.

On September 5, 2024, prior counsel sent a further letter to AUSA Torntore specifically requesting updates regarding the 8.6704622 BTC, the JAXX wallet, and other seized hardware wallets (Exhibit 12).

On December 6, 2024, AUSA Torntore provided a December 10, 2019 Report of Activity detailing cryptocurrency transfer information (Exhibit 1). During that communication, AUSA Torntore indicated that he would further review certain cryptocurrency entries reflected in the report and follow up regarding return of the identified 8.6704622 BTC.

No forfeiture order or statutory restraint was identified during these communications.

Formal Rule 41-related motions were subsequently filed in 2025 following the Government's production of limited custodial documentation.

More than seventeen (17) months have elapsed since the initial written request for return. The identified 8.6704622 BTC remains in Government custody.

## VIII. RELIEF REQUESTED

Movant respectfully requests that this Court:

1. Grant expedited consideration and order immediate return of 8.6704622 BTC;
2. Order Respondent to file a sworn declaration providing a full accounting of remaining seized digital assets and digital hardware;
3. Grant such further equitable relief as the Court deems just and proper.
4. Retain jurisdiction pending compliance.

Jobadiah Sinclair Weeks
Pro Se Movant
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160
Email: silenceweeks1@gmail.com

Date: February 27, 2026

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

JOBADIAH SINCLAIR WEEKS,
Movant,

v.

UNITED STATES OF AMERICA,
Respondent.

Civil Action No. __________

**PROPOSED ORDER**

Upon consideration of Movant's Motion for Return of Identified Digital Currency (8.6704622 BTC) and for Accounting of Remaining Seized Digital Assets pursuant to Federal Rule of Criminal Procedure 41(g), and the record herein, the Court finds as follows:

The Government's December 10, 2019 Cryptocurrency Forensic Report identifies 8.6704622 BTC as seized during execution of a search warrant at 11627 West 74th Way, Arvada, Colorado.

No preliminary or final order of forfeiture adjudicating the 8.6704622 BTC appears in the record before this Court.

Accordingly, it is hereby ORDERED:

1. The Government shall, within fourteen (14) days of the date of this Order, return to Movant 8.6704622 BTC identified in the December 10, 2019 Cryptocurrency Forensic Report;

   OR

2. In the alternative, the Government shall, within fourteen (14) days of the date of this Order, file a sworn declaration identifying the statutory and legal authority under which the 8.6704622 BTC continues to be restrained;

3. The Government shall, within fourteen (14) days of the date of this Order, file a sworn declaration from the responsible custodial authority providing a full accounting of

seized digital assets and digital hardware consistent with Section VI(B) of Movant's Motion; and

4. The Court retains jurisdiction to enforce this Order and to resolve any disputes arising from its implementation.

SO ORDERED.

Dated: ______________________

United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2026, I mailed a true and correct copy of the foregoing Motion for Return of Identified Digital Currency (8.6704622 BTC) and for Accounting of Remaining Seized Digital Assets Pursuant to Fed. R. Crim. P. 41(g), together with all attached exhibits, via United States Mail to:

Office of the United States Attorney
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

I further certify that on February 27, 2026, courtesy copies of the foregoing motion were transmitted via electronic mail to:

Trevor.Chenoweth@usdoj.gov
Robert.Moore3@usdoj.gov

Jobadiah Sinclair Weeks
Pro Se Movant
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160
Email: silenceweeks1@gmail.com

Date: February 27, 2026