**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:14 am, Jun 26, 2026
JEFFREY P. COLWELL, CLERK

**Jobadiah Sinclair Weeks,**
Plaintiff,

v. Civil Action No. 1:26-cv-00852-PAB

**United States of America,**
Defendant.

## NOTICE OF SUPPLEMENTAL EVIDENCE

Plaintiff, Jobadiah Sinclair Weeks, respectfully submits this Notice of Supplemental Evidence concerning property that is the subject of the pending Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g).

### 1. Newly Issued IRS Notices of Seizure

After commencement of this action, Movant received by United States Mail two IRS Forms 2433, entitled "*Notice of Seizure*," both dated June 24, 2026. Copies of those Notices are attached as Exhibits A and B.

To Movant's knowledge, these are the first IRS Notices of Seizure received concerning the property seized during the December 2019 investigation.

### 2. Relationship to the Pending Rule 41(g) Proceeding

**Pending Relief.** The pending Rule 41(g) Motion seeks the immediate return of the specifically identified 8.6704622 BTC together with a sworn accounting of the remaining seized digital assets and related property.

**Cryptocurrency Balances Without Wallet Identification.** The newly issued IRS Notices identify cryptocurrency in the same denominations and substantially the same quantities as reflected in the Government's Crypto Forensic Report prepared contemporaneously with the December 10, 2019 seizure.[1] The Notices state that such assets are "*currently held in five FBI-controlled wallets*." However, the Notices identify only the cryptocurrency asset type and quantity. They do not identify the corresponding wallet addresses, public keys, wallet identifiers, evidence numbers, or other unique identifiers linking those balances to the specific digital property seized in December 2019 or to the property for which return is sought in the pending Rule 41(g) Motion. As a result, Movant is presently unable to determine from the Notices alone whether the identified balances correspond to the specific digital assets at issue in this proceeding.

[1] Dkt. 1, Exhibit 1 (Crypto Forensic Report).

**Additional Cryptocurrency-Related Property.** The Government's previously filed a forensic report and seizure records identify additional cryptocurrency-related property, including hardware wallet devices, seed phrase cards, USB Bitcoin storage devices, BTC cryptocurrency indicia storage cards, BTC cold storage coins, and other digital storage media. Those items do not appear on either IRS Notice of Seizure. Neither the Notices nor the present record explain whether those items remain in Government custody under another authority, were intentionally excluded from the levy, or are otherwise accounted for. The forensic memorandum[2] further reflects that agents identified additional cryptocurrency assets associated with hardware wallets that could not be fully accessed or quantified during the execution of the search warrant and recommended additional recovery efforts at a later date.

**Comparison with Previously Filed Government Records.** Comparison of the June 24, 2026 IRS Notices of Seizure with the Government's Florida seizure records and Denver Holding Office inventory records, previously submitted as Exhibits 2 through 4 to the original Motion[3], reflects that numerous additional categories of seized property likewise do not appear on either Notice of Seizure. These include, among other things, computers, cellular telephones, and other digital evidence associated with the cryptocurrency investigation.

**Additional Property Reflected in the Chain of Custody.** The Government's Chain of Custody records, previously submitted as Exhibit 3 to the original Motion, also identify additional personal property transferred into Government custody, including a wedding band, U.S. currency, vehicle keys and keychain, identification items, business cards, a wristband, and other personal effects. These items likewise do not appear on either IRS Notice of Seizure. The present record reflects that Movant has sought the return of seized property since 2020 and that, on April 2, 2025, the Government represented that the property would be returned.[4] Notwithstanding those requests and representations, the present record does not account for the disposition of these items or explain under what authority, if any, they continue to be retained.

**Property Described as "Possible."** The inventory records also contain numerous categories of property described only as "*possible*" silver coins, "*possible*" silver/gold coins, and "*possible*" gold, silver, and copper coins and bars, without identifying the specific contents or quantities. The Notices of Seizure do not explain how those categories of property were subsequently identified, classified, or quantified.

**Approximate Quantities.** The Notices of Seizure describe numerous categories of physical property using approximate quantities, including "*approximately 889*," "*approximately 500,*" "*approximately 72,*" "*approximately 150,*" and "*approximately 22.*" The inventory records reflect that the property was seized pursuant to judicially authorized search warrants and

---

[2] Dkt. 1, Exhibit 1, Memorandum describing examination of Ledger Nano S, seed phrase cards, and additional recovery efforts.
[3] Motion for Return of Identified Digital Currency and for Accounting of Remaining Seized Digital Assets Pursuant to Fed. R. Crim. P. 41(g), Dkt. 1, Exhibits 2–4.
[4] See Dkt. 1, Exhibit 7 (April 2, 2025 email from AUSA Anthony Torntore stating, *"I am working with the FBI/IRS agents in this matter to return personal property to you. We plan to provide that property to Mr. Carimale who can arrange its transfer to you."*).

placed into Government custody on December 10, 2019. Neither the Notices nor the present record explain why those categories of property are described only by approximate quantities rather than by exact inventory counts, or when and by whom those quantities were determined.

### 3. Need for Supplementation

The June 24, 2026 IRS Notices of Seizure constitute newly received Government records that were not available when the Rule 41(g) Motion was filed or when the subsequent supplemental filing was submitted. Because the Notices concern property that appears to overlap with the digital assets and related property that are the subject of the pending Motion, Movant respectfully submits them so that the Court has a complete and current factual record before the United States files its response.

This filing is intended solely to supplement the evidentiary record with newly received Government documents. By submitting these Notices, Movant does not waive, modify, or abandon any claim, objection, or request for relief previously asserted. Movant expressly reserves all rights to address the legal significance of these Notices, including their relationship to the property identified in the Rule 41(g) Motion and the Government's prior seizure, inventory, chain-of-custody, and forensic records, after the United States has responded.

Jobadiah Sinclair Weeks
Pro Se Movant
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160
Email: silenceweeks1@gmail.com

Date: June 26, 2026

Signed by:
Joby Weeks
87866A420DB4490...

**Exhibits**

**Exhibit A** – IRS Form 2433, Notice of Seizure (Digital Assets), dated June 24, 2026.

**Exhibit B** – IRS Form 2433, Notice of Seizure (Coins and Collectibles), dated June 24, 2026.