IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00852-PAB

JOBADIAH SINCLAIR WEEKS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**UNITED STATES' RESPONSE TO MOTION FOR RETURN OF IDENTIFIED DIGITAL CURRENCY (8.6704622 BTC) AND FOR ACCOUNTING OF REMAINING SEIZED DIGITAL ASSETS PURSUANT TO FED. R. CRIM. P. 41(g)**

---

COMES NOW the United States of America ("the United States") and hereby responds to Mr. Jobadiah Weeks' Motion for Return of Identified Digital Currency (8.6704622) and for Accounting of Remaining Seized Digital Assets Pursuant to Fed. R. Crim. P. 41(g). ECF 1.

## I. <u>Relevant Facts</u>

On March 2, 2026, Mr. Weeks filed a Motion for Return of Identified Digital Currency (8.6704622 BTC) and for Accounting of Remaining Seized Digital Assets Pursuant to Fed. R. Crim. P. 41(g) in the District of Colorado. ECF Doc. 1. Mr. Weeks' motion is based on a search warrant executed at his Colorado residence on December 10, 2019.

In support of his motion, Mr. Weeks attached a search warrant inventory from the December 2019 search and an Internal Revenue Service ("IRS") Memorandum of Activity containing screenshots of the cryptocurrency seizures. *See id.* at Exhibit 1, p. 2-43. Mr. Weeks

also attached a portion of his plea agreement in criminal case *United States v. Goettsche, et al*., 19-cr-00877-CCC in the District of New Jersey. *Id*. at Exhibit 10. Mr. Weeks does not allege the seizure of the property was unlawful. Rather, he requests two things, (1) the return of the 8.6704622 Bitcoin[1] ("BTC"), and (2) a sworn accounting identifying the present custodial status of all remaining seized digital assets and digital hardware pursuant to Fed. R. Crim. P. 41(g).[2, 3] *Id*. at p.7.

To determine the status of the cryptocurrency, undersigned counsel reached out to the various agencies involved in the investigation of Mr. Weeks. As indicated in Mr. Weeks' filing at ECF 13, the Federal Bureau of Investigation ("FBI") was served with IRS Notices of Seizure based on IRS levy, requiring FBI to turn over the seized cryptocurrency, including BTC, and other items to the IRS. *See* ECF 13, Exhibits A, B. Because the BTC is subject to levy, Mr. Weeks is not entitled to its return in this forum, and a sworn accounting is not relief available under Fed. R. Crim. P. 41(g). Therefore, his motion should be denied.

---

[1] Mr. Weeks claims that the total BTC seized was 8.6704622. But that amount of BTC does not account for network or transaction fees as shown in Exhibit 1 to Mr. Weeks' motion. *See* ECF 1, Exhibit 1, at p. 14-18, 36-38.

[2] Mr. Weeks alleges that there was an agreement to return the cryptocurrency to him based on communications with an Assistant United States Attorney. The email supporting this proposition does not state that the cryptocurrency was to be returned. The email states, "I am working with the FBI/IRS agents in this matter to return personal property to you." ECF 1, Exhibit 7. This email does not state that all seized property was to be returned or that cryptocurrency was going to be returned to him. Later, it appears that his counsel in his criminal case acknowledged that certain property was not going to be returned during the pendency of the criminal case. *See id.,* at Exhibits 11-12.

[3] The United States Attorney's Office for the District of Colorado was served with this civil action, via certified mail on May 19, 2026, and the Attorney General was served by certified mail on May 21, 2026. Accordingly, this response is timely. *See* Fed. R. Civ. P. 12(a)(2).

## II. Law Governing Federal Rule of Criminal Procedure 41(g)

Mr. Weeks has filed this case seeking return of property pursuant to Fed. R. Crim. P. 41(g). Rule 41(g) states, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The motion "must be filed in the district where the property was seized." *Id*. Generally, Rule 41(g) allows a person whose property was seized during a criminal investigation to seek its return upon the completion of the criminal case, unless it is contraband or has been forfeited. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (2001) ("the general rule is that 'seized property other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'").

But if the criminal case is pending, the burden is on the movant to show that he is entitled to the property. *United States v. Jeffs*, No. 05-cr-00503-REB, 2006 WL 898112, at *1 (D. Colo. Apr. 4, 2006) (citations omitted). That is because the government is "clearly permitted to seize evidence for use in investigations and trial." *Rodriguez-Aguirre*, 264 F.3d at 1212. And is "entitled to retain legally seized evidence until the conclusion of the criminal case." *Jeffs*, No. 05-cr-00503-REB, 2006 WL 898112, at *1 (collecting cases).

When reviewing whether Rule 41(g) relief is appropriate, the Court should apply the cornerstone principle of reasonableness. *Id*. ("The Advisory Committee Notes to the 1989 Amendments to Rule 41 indicate that the general test for returning property is reasonableness under all of the circumstances."). It is only if the government's continued retention of the property is unreasonable that the Court should order its return. *Matter of Search of Kitty's E.*, 905 F.2d 1367, 1375 (10th Cir. 1990) ("A movant must demonstrate that retention of the property by the government is unreasonable in order to prevail on a Rule 41[(g)] motion.").

A Rule 41(g) motion is also an equitable remedy. *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (citation omitted). Therefore, a motion for return of property may also be denied if the (1) movant has an adequate remedy at law, or (2) cannot establish irreparable injury. *Id*. Therefore, the decision to grant Rule 41(g) relief should be "exercised with caution and restraint." *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988).

**A. Mr. Weeks has an adequate remedy at law**

Rule 41(g) is the improper avenue to seek the return of the BTC subject to levy. The IRS may collect delinquent taxes "by levy upon all property and rights to property . . . belonging to such person . . . ." 26 U.S.C. § 6331(a). The person in possession of the property subject to levy "shall, upon demand of the Secretary, surrender such property . . ." to the IRS. 26 U.S.C. § 6332(a). Now that the cryptocurrency is subject to levy, Mr. Weeks has an adequate remedy at law and should seek relief under the Internal Revenue laws. *See e.g.* 26 U.S.C. § 6330 *et seq*.

In an instructive case, *United States v. Freeman*, 444 F.2d 1387 (9th Cir. 1971), the Ninth Circuit upheld the district court's determination that once an IRS levy occurs, the levy must be challenged under the IRS laws. In *Freeman*, the United States Customs Service had seized funds during the criminal proceeding. The IRS later served a Notice of Levy on the Customs Service and took custody of the funds. *Id*. at 1387-88. The movant filed an action to return property under Rule 41(e).[4] *Id*. at 1388. Although the district court determined that original seizure of the funds was unlawful, it still "denied relief on the theory that the validity of the levy for income taxes had to be tested in procedures properly prosecuted under the Internal Revenue Laws." *Id*.

---

[4] A motion for return of property was previously located in Fed. R. Crim. P. 41(e), but Rule 41 was reorganized in 2002, and that provision was moved to 41(g).

After the *Freeman* decision, several other courts have determined that Rule 41(g) does not authorize the return of property subject to IRS levy. *See Matter of Search Warrant Issued on Jan. 11, 1992*, 39 F.3d 1185, at *1 (8th Cir. 1994) (table) (a Rule 41 movant cannot use a motion for return of property to contest an IRS levy); *Williams by Williams v. United States*, 908 F.2d 968, at *1 (4th Cir. 1990) (table) (the court did not have subject matter jurisdiction over a motion for return of property because the movants "were attempting to recover the levied property [through a Rule 41 motion] not provided by the Internal Revenue Act . . . ."); *United States v. McWilliams*, 751 F. Supp. 988, 992 (M.D. Ga. 1990), *aff'd,* 959 F.2d 971 (11th Cir. 1992) (denying motion for return of property because "the IRS may validly levy on money owned by defendant that is in the possession of the government."); *United States v. Barnett*, No. 09-CR-67-JMH-HAI, 2014 WL 1413530, at *2 (E.D. Ky. Apr. 11, 2014) (movant was not entitled to relief under Rule 41(g) because the seizing agency was required to deliver the seized funds to IRS pursuant to a notice of levy); *see also United States v. Fitzen,* 80 F.3d 387, 388 (9th Cir. 1996) ("[A]n IRS levy will defeat a Rule 41(e) motion."); *United States v. Kahre,* 737 F.3d 554, 566 (9th Cir. 2013) ("Rule 41 is inapplicable, as the seized funds were applied to Kahre's tax liabilities pursuant to a notice of levy.").

Mr. Weeks must seek relief under the laws governing IRS levy. The BTC he seeks returned was seized by lawful search warrant and was held in the custody of the FBI. But FBI was subsequently served with the IRS Notice of Seizure authorizing IRS to seize and take custody of that property. ECF 13, Exhibit A – Notice of Seizure. Because the BTC is now

subject to IRS levy, Mr. Weeks must avail himself of the relief available under the Internal Revenue laws, not under the equitable jurisdiction of Rule 41(g).[5]

### B. A Sworn Accounting is Not Relief Available Under Fed. R. Crim. P. 41(g)

Mr. Weeks also requests a "sworn accounting identifying the present custodial status of all remaining assets and digital hardware seized on December 10 2019." ECF 1, at p. 1. He also makes similar requests in supplemental filings. *See* ECF 11, at p. 11. Because Rule 41(g) is limited solely to the return of property, a request for a sworn accounting or supplemental criminal discovery is not relief available to him in this case. *United States v. Riccardi*, No. 20-3205, 2021 WL 3732261 (10th Cir. Aug. 24, 2021) ("Attempts to use Rule 41(g) motions to obtain relief other than the return of unlawfully seized property in the government's possession have failed."); *see United States v. Riccardi*, 857 F. App'x 472, 475 (10th Cir. 2021) ("Rule 41(g) is not a discovery tool."). Such requests and clarifications should be directed to the Court in New Jersey overseeing his criminal case. Further, based on Mr. Weeks' own filings, he was clearly provided with an inventory from the search and screenshots of the cryptocurrency seizures. ECF 1, at Exhibit 1, p. 2-43.

## III. Conclusion

For the reasons set forth above, Mr. Weeks' Rule 41(g) motion should be denied.

---

[5] Insomuch as Mr. Weeks is attempting to seek return of electronic devices or hardware, his criminal case remains pending. *See United States v. Goettsche, et al.*, 19-cr-00877-CCC (D.N.J. Dec. 12, 2019). The continued retention of the electronic devices pending his criminal case is entirely reasonable, especially because the charged conduct was committed, in large part, using electronic means.

DATED this 14th day of July 2026.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

By: *s/Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Laura.Hurd@usdoj.gov
*Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record, and mailed the same, via first class mail to:

Mr. Jobadiah Weeks
18101 Collins Avenue #4209
Sunny Isles Beach, FL 33160

*s/ Jody Gladura*
FSA Paralegal
Office of the U.S. Attorney