UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
9:21 am, Jul 29, 2026
JEFFREY P. COLWELL, CLERK

JOBADIAH SINCLAIR WEEKS,

Plaintiff,

v. Civil Action No. 1:26-cv-00852-PAB

UNITED STATES OF AMERICA,

Defendant.

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RETURN OF PROPERTY AND ACCOUNTING UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)

## I. INTRODUCTION

Defendant's Response relies primarily on procedural arguments rather than disputing the material facts underlying Plaintiff's Rule 41(g) Motion.

Defendant does not dispute that Plaintiff repeatedly sought identification and accounting of the seized property before commencing this action. Nor does it dispute that the identified 8.6704622 BTC remained in Government custody for more than six years before its transfer from the Federal Bureau of Investigation to the Internal Revenue Service following the June 2026 jeopardy assessment.

Instead, Defendant argues that Rule 41(g) cannot be used to obtain discovery. Plaintiff does not seek discovery. Plaintiff seeks the return of specifically identified property and, with

respect to the remaining seized cryptocurrency-related property, a verified accounting identifying its present custodian and disposition so that the Court may determine what relief remains available under Rule 41(g).

The issue before the Court is not whether the Government has produced isolated inventories or other records over time. It is whether the Government has provided a complete accounting of the cryptocurrency-related property it seized, examined, transferred, and continues to retain. Defendant's Response demonstrates that it has not.

Accordingly, Defendant's procedural objections do not resolve the issues presented by Plaintiff's Motion. Rather, the Response confirms why limited equitable relief requiring a verified accounting remains appropriate under Rule 41(g).

## II. THE GOVERNMENT DOES NOT DISPUTE THE MATERIAL FACTS

Although Defendant argues that Rule 41(g) does not presently authorize the relief requested, its Response does not dispute the central factual chronology underlying Plaintiff's Motion. Instead, Defendant affirmatively confirms that the identified Bitcoin remained continuously in Government custody from its seizure on December 10, 2019 until its transfer from the Federal Bureau of Investigation to the Internal Revenue Service following the June 2026 jeopardy assessment.

Specifically, Defendant does not dispute that:

- the FBI seized and maintained custody of Plaintiff's Bitcoin and other digital assets following the December 10, 2019 searches and seizures;
- the Internal Revenue Service subsequently issued Notices of Seizure identifying certain of those assets in connection with the June 2026 jeopardy assessment;

- the IRS requested that the FBI transfer the identified Bitcoin to the IRS to satisfy the jeopardy levy; and
- the transfer of the identified 8.6704622 BTC occurred only after the June 2026 levy, demonstrating that those assets remained in Government custody until that transfer.

Accordingly, there is no genuine factual dispute concerning the Government's continuous custody of the identified Bitcoin. The dispute before the Court is instead whether the Government has provided a complete accounting of all cryptocurrency-related property seized from Plaintiff and, if not, whether the Court should require the Government to submit a verified accounting identifying the present custodian and disposition of that property.

## III. PLAINTIFF REPEATEDLY SOUGHT A COMPLETE ACCOUNTING BEFORE FILING THIS ACTION

Defendant characterizes Plaintiff's Rule 41(g) Motion as an improper attempt to obtain discovery. The record demonstrates the opposite. Long before commencing this action, Plaintiff repeatedly sought identification, reconciliation, and accounting of the cryptocurrency-related property seized on December 10, 2019 through correspondence with Government counsel, motions filed in the underlying criminal proceedings, and administrative requests.

Those requests consistently sought the same relief: identification of the property seized, the digital assets recovered from the seized devices, the transfers performed while the property remained in Government custody, the present custodian of each item, and its ultimate disposition. A chronology of those requests is attached as **Exhibit A**.

Despite those repeated requests, the Government never produced a complete reconciliation of the seized property. Instead, it responded incrementally over several years by producing isolated records—including a March 2024 overview of certain recovered digital assets, a December 2024 cryptocurrency forensic report, and later representations concerning the transfer of the identified 8.6704622 BTC to the Internal Revenue Service—without ever providing a comprehensive accounting identifying the disposition of all seized cryptocurrency-related property.

The Government had actual notice of these accounting deficiencies well before this action was filed. On October 7, 2025, Plaintiff provided Government counsel with a detailed memorandum identifying inconsistencies among the seizure records, custody inventories, forensic materials, blockchain information, and prior Government representations concerning the seized digital assets. Plaintiff requested that the Government reconcile those records and identify any property, records, or transfer information that could no longer be located or reconstructed. Despite that notice, the Government never produced the requested reconciliation.

Likewise, the Government consistently responded on procedural grounds without providing the requested accounting. A summary of those responses is attached as Exhibit B and demonstrates that, despite repeated requests, the Government has never produced a complete reconciliation of the seized cryptocurrency-related property.

The present Rule 41(g) Motion therefore does not seek new discovery. It seeks judicial relief only after years of unsuccessful efforts to obtain a complete accounting of property that the Government acknowledges seizing, examining, transferring, and, in substantial part, continuing to retain.

## IV. THE GOVERNMENT HAS NEVER PROVIDED A COMPLETE ACCOUNTING OF PLAINTIFF'S SEIZED DIGITAL ASSETS

Defendant's Response addresses only a single category of property: the identified 8.6704622 BTC transferred from the Federal Bureau of Investigation to the Internal Revenue Service following the June 2026 jeopardy assessment. That is only one component of Plaintiff's Rule 41(g) Motion.

From the outset, Plaintiff has sought a complete accounting of all cryptocurrency-related property seized on December 10, 2019, not merely the identified Bitcoin later transferred to the Internal Revenue Service. Plaintiff has consistently requested that the Government identify the digital assets recovered from the seized devices, the property identified during its forensic examination, the transfers performed while the property remained in Government custody, the present custodian of each item, and its ultimate disposition.

The property at issue includes additional Bitcoin, hardware wallets, recovery media, digital devices, and other cryptocurrency-related assets specifically identified in Plaintiff's Motion. A summary identifying those items and the outstanding accounting issues is attached as Exhibit D. Defendant's Response addresses only the transfer of the identified 8.6704622 BTC and leaves unanswered the broader accounting issues that have consistently formed the basis of Plaintiff's requests.

Accordingly, Defendant's Response does not resolve the principal issue presented by this Motion. The question before the Court is not what became of the identified 8.6704622 BTC, but whether the Government has provided a complete and reliable accounting of all cryptocurrency-related property seized from Plaintiff on December 10, 2019. The record demonstrates that it has not.

V. DEFENDANT MISCHARACTERIZES PLAINTIFF'S RULE 41(g) MOTION

Defendant repeatedly characterizes Plaintiff's Rule 41(g) Motion as an improper attempt to obtain discovery. That characterization misstates the relief sought.

Plaintiff does not seek additional criminal discovery, new forensic examinations, expert analysis, or an order requiring the Government to create new evidence. Instead, Plaintiff seeks a verified accounting identifying the present custodian and disposition of property that the Government acknowledges it seized, examined, transferred, and, in substantial part, continues to retain. Plaintiff therefore requests only the identification of existing Government records and actions, not the creation of new evidence or the performance of additional investigative work.

Defendant's Response identifies the seizure of the 8.6704622 BTC, its custody by the Federal Bureau of Investigation, and its subsequent transfer to the Internal Revenue Service. That explanation necessarily relies upon existing Government records documenting the seizure, custody, and transfer of Plaintiff's property. Plaintiff seeks the same type of verified accounting with respect to the remainder of the seized cryptocurrency-related property.

Defendant's Response further confirms that the identified 8.6704622 BTC remained in Government custody until its transfer to the Internal Revenue Service, eliminating any factual dispute concerning the Government's custody of those assets. Defendant identifies no forfeiture order authorizing permanent retention of the identified Bitcoin.

Rule 41(g) requires the Court to determine whether Plaintiff is entitled to the return of property seized by the Government. That determination necessarily depends upon identifying the property seized, the digital assets recovered, the transfers performed while the property

remained in Government custody, the present custodian of that property, and its present disposition. A verified accounting identifying those matters is therefore not discovery, but information necessary for the Court to determine what relief remains available under Rule 41(g).

Nor does the June 2026 jeopardy assessment and subsequent transfer of the identified Bitcoin to the Internal Revenue Service resolve the issues presented by Plaintiff's Motion. Those events occurred more than six years after the original seizure, after the property had remained continuously in Government custody. A subsequent transfer between federal agencies does not answer what property was seized, what digital assets were recovered, what transfers occurred, what property remains in Government custody, or which agency presently exercises custody or control over each item.

Accordingly, even if the Court concludes that Rule 41(g) does not presently authorize the immediate return of the identified 8.6704622 BTC because of the subsequent IRS levy, the Court retains equitable authority to require the Government to provide a verified accounting identifying the present custodian and disposition of the property it seized, examined, transferred, and continues to retain. Such relief is necessary to permit meaningful judicial review of Plaintiff's Rule 41(g) Motion.

The Government's position would effectively prevent the Court from determining what property remains in Government custody before deciding whether Rule 41(g) relief is available.

## VI. THE GOVERNMENT'S RESPONSE CONFIRMS THAT LIMITED EQUITABLE RELIEF REMAINS APPROPRIATE

Even if the Court ultimately concludes that Rule 41(g) does not presently authorize the immediate return of the identified 8.6704622 BTC because of the subsequent IRS levy, Defendant's Response nevertheless demonstrates why limited equitable relief remains appropriate.

Defendant's Response explains only the transfer of the identified 8.6704622 BTC to the Internal Revenue Service. It does not account for the remaining cryptocurrency-related property identified in Plaintiff's Motion, nor does it provide the complete accounting that Plaintiff has repeatedly sought through correspondence, criminal filings, and administrative requests before commencing this action.

Accordingly, regardless of the Court's ultimate determination concerning the immediate return of the identified Bitcoin, the Court retains equitable authority to require the Government to provide a verified accounting identifying the present custodian and disposition of the property it seized, examined, transferred, and continues to retain. Such limited relief would complete the factual record necessary to resolve Plaintiff's Rule 41(g) Motion and preserve the parties' respective rights concerning any remaining property.

## VII. CONCLUSION

This case presents a straightforward question. After seizing and retaining Plaintiff's cryptocurrency-related property for nearly seven years, has the Government provided a complete accounting identifying what it seized, what it recovered, what it transferred, what it retained, and the present custodian and disposition of that property? Defendant's Response demonstrates that it has not.

Accordingly, Plaintiff respectfully requests that the Court:

1. Reject Defendant's characterization of Plaintiff's Rule 41(g) Motion as an improper discovery request and recognize that Plaintiff seeks only a verified accounting identifying the present custodian and disposition of property already seized, examined, transferred, and retained by the Government;
2. Determine that the June 2026 IRS jeopardy assessment and subsequent transfer of the identified 8.6704622 BTC do not resolve the equitable issues presented by Plaintiff's Motion with respect to the remaining cryptocurrency-related property;
3. Grant Plaintiff's Rule 41(g) Motion, in whole or in part, by ordering the return of the identified 8.6704622 BTC if the Court concludes that such relief remains available under Rule 41(g), or, alternatively, by ordering the Government to provide a verified accounting identifying the present custodian and disposition of the seized cryptocurrency-related property sufficient to permit meaningful judicial review.; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Jobadiah Sinclair Weeks*

Plaintiff, Pro Se



**Exhibit A** – Chronology of Plaintiff's Requests for Identification and Accounting of Seized Property (March 2024–Present)

**Exhibit B** – Summary of Government Responses and Remaining Accounting Issues

**Exhibit C** – October 7, 2025 Memorandum Regarding Seized Digital Assets and Accounting Discrepancies

**Exhibit D** – Summary of Cryptocurrency-Related Property and Outstanding Accounting Issues