IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00852-PAB

JOBADIAH SINCLAIR WEEKS,

Plaintiff,

v.

USA,

Defendant.

---

## ORDER

---

This matter comes before the Court on the Motion for Return of Identified Digital Currency (8.6704622 BTC) and for Accounting of Remaining Seized Digital Assets Pursuant to Fed. R. Crim. P. 41(g) [Docket No. 1].  The United States Attorney's Office for the District of Colorado has entered an appearance on behalf of defendant.  Docket No. 14.  The Court has jurisdiction pursuant to 28 U.S.C. § 1346.

## I.  BACKGROUND[1]

On December 10, 2019, plaintiff Jobadiah Sinclair Weeks's residence in Arvada, Colorado was searched in connection with an Internal Revenue Service ("IRS") Criminal Investigation.  Docket No. 1-2 at 2; Docket No. 1 at 3.  Among other things, the

---

[1] Plaintiff has not filed a complaint in this action, and his motion contains little background information.  Docket No. 1 at 3-4.  Plaintiff does, however, attach a variety of exhibits to his motion and to a supplemental filing.  Docket Nos. 1-2; 13-1.  Defendant does not dispute the authenticity of these exhibits.  The following facts are taken from plaintiff's motion and from the exhibits.

government[2] seized 8.6704622 bitcoin during this search.  Docket No. 1 at 4.  On December 20, 2019, the government filed an indictment against plaintiff.[3]  Docket No. 1-2 at 86-87.  The IRS later served a notice of levy on the FBI, who was holding the bitcoin, to obtain the bitcoin in order to satisfy the IRS's levy against plaintiff for nonpayment of federal taxes.  Docket No. 13-1 at 1.

On March 2, 2026, plaintiff initiated this action by filing a motion under Federal Rule of Criminal Procedure 41(g).  Docket No. 1.  Plaintiff seeks an order compelling defendant to return the 8.6704622 bitcoin and an order that defendant produce a sworn accounting and reconciliation of the seized property.  *Id.* at 5-6.  On July 14, 2026, defendant filed a response.  Docket No. 15.  On July 29, 2026, plaintiff filed a reply.[4] Docket No. 20.

## II.  LEGAL STANDARD

Rule 41(g) states that

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose

---

[2] It is not clear whether the IRS seized the bitcoin and transferred it to the Federal Bureau of Investigations ("FBI") to hold or whether the investigation was a joint FBI/IRS investigation.

[3] Plaintiff only includes a portion of the indictment, which does not list the counts plaintiff was indicted for.  *See* Docket No. 1-2 at 86-87.  However, plaintiff attaches an order from a court in the District of New Jersey which indicates that he was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and conspiracy to offer or sell unregistered securities in violation of 18 U.S.C. § 371.  Docket No. 1-2 at 58; *United States v. Weeks*, 2026 WL 303337, at *1 (D.N.J. Fed. 4, 2026).

[4] Plaintiff previously filed a reply on July 24, 2026.  Docket No. 18.  However, on July 29, 2026, plaintiff filed a motion stating that this reply was filed erroneously.  Docket No. 19 at 1.  Plaintiff requests that the Court accept his new reply as the operative reply. *Id.*  The Court will grant this motion and will consider the July 29, 2026 reply, Docket No. 20, as the operative reply.

reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "Rule 41(g) provides 'an equitable remedy' to a movant 'only if he can show irreparable harm and an inadequate remedy at law.'" *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)); *Matter of Search of Kitty's E.*, 905 F.2d 1367, 1370-71 (10th Cir. 1990) ("two conditions that must be satisfied before a district court may assume jurisdiction over a preindictment Rule 41(e) motion: a movant must demonstrate that being deprived of actual possession of the seized property causes 'irreparable injury,' and must be otherwise without adequate remedy at law" (quotations omitted)). Because entertaining a preindictment Rule 41(g) motion is an exercise of equitable jurisdiction, Rule 41(g) motions "should be undertaken with 'caution and restraint.'" *Matter of Search of Kitty's E.*, 905 F.2d at 1370 (quoting *Floyd v. United States,* 860 F.2d 999, 1003 (10th Cir. 1988)).

## III.  ANALYSIS

Plaintiff argues that the bitcoin should be returned to him because, "[w]hile the indictment includes general forfeiture language, it does not expressly list or describe the 8.6704622 [bitcoin] at issue here." Docket No. 1 at 5. In response, defendant argues that plaintiff cannot seek the return of the bitcoin through Rule 41(g) because the bitcoin was levied by the IRS. Docket No. 15 at 4. Pursuant to 26 U.S.C. § 6331(a), "[i]f a person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary [of the Treasury] to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person."

Courts have found that Rule 41(g) does not provide a basis for relief when "the seized funds were applied to . . . tax liabilities pursuant to a notice of levy." *United States v. Kahre*, 737 F.3d 554, 566 (9th Cir. 2013); *see also United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996) ("an *IRS* tax levy will defeat a Rule 41(e)[5] motion") (citation omitted) (footnote added); *Matter of Search Warrant Issued on Jan. 11, 1992*, 39 F.3d 1185, 1994 WL 590486, at *1 (8th Cir. 1994) (table) (holding that an IRS levy may not be contested in a Rule 41(e) proceeding); *Williams by Williams v. United States*, 908 F.2d 968, 1990 WL 101438, at *1 (4th Cir. 1990) (table) (affirming a district court's holding that it did not have subject matter jurisdiction because "the appellants in this case were attempting to recover the levied property" under Rule 41(e)); *United States v. Barnett*, 2014 WL 1413530, at *2 (E.D. Ky. Apr. 11, 2014) (finding that a party was not entitled to return of seized property under Rule 41(g) because the funds were levied by the IRS). Accordingly, plaintiff is not entitled to return of his bitcoin under Rule 41(g).[6]

Plaintiff also requests a sworn accounting and reconciliation of his seized property. Docket No. 1 at 5-6. But relief under Rule 41(g) is limited to the return of seized property. "Attempts to use Rule 41(g) motions to obtain relief other than the return of unlawfully seized property in the government's possession have failed." *United*

---

[5] Federal Rule of Criminal Procedure 41(e) was recodified as Rule 41(g) in 2002. *See United States v. Roberts*, 282 F. App'x 735, 735-36 (10th Cir. 2008) (unpublished) (referring to Rule 41(g) as "formerly Fed. R. Crim. P. 41(e)").

[6] Plaintiff claims an Assistant United States Attorney in the criminal case told plaintiff that the government would return the bitcoin. Docket No. 1 at 5. However, as noted by defendant, the email plaintiff relies on says "personal property" and does not mention bitcoin. Docket No. 15 at 2 n.2; *see also* Docket No. 1-2 at 82. Moreover, plaintiff does not argue that any such statement, even if it did include bitcoin, would bind defendant.

*States v. Riccardi*, 857 F. App'x 472, 474 (10th Cir. 2021) (unpublished) (citations omitted); *see also United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000) ("We reiterate that Rule 41(e) provides for one specific remedy—the return of property"); *United States v. Nguyen*, 2015 WL 1276745, at *2 (E.D. Cal. Mar. 19, 2015) ("Rule 41(g) provides only for the return of property that is in the government's possession; it provides no other remedy").  Therefore, plaintiff is not entitled to an accounting under Rule 41(g).[7]

Accordingly, the Court will deny plaintiff's Rule 41(g) motion.  Plaintiff has not filed a complaint in this action and the only pending matter is the Rule 41(g) motion.  Because the Court has resolved the Rule 41(g) motion, the Court will close the case.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion to Strike Erroneously Docketing Filing and to Designate Corrected Reply as the Operative Reply [Docket No. 19] is **GRANTED**.  It is further

**ORDERED** that the Motion for Expedited Consideration [Docket No. 2] is **DENIED as moot**.  It is further

**ORDERED** that the Motion for Return of Identified Digital Currency (8.6704622 BTC) and for Accounting of Remaining Seized Digital Assets Pursuant to Fed. R. Crim. P. 41(g) [Docket No. 1] is **DENIED**.  It is further

---

[7] In any event, one of plaintiff's exhibits contains an inventory from the search on his residence and screenshots of the cryptocurrency seizures, indicating that defendant has informed him of everything that was seized.  Docket No. 1-2 at 2-43.

**ORDERED** that this case is closed.

DATED August 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge